MEISSNER v. WESTINGHOUSE MACH. CO.

(Circuit Court of Appeals, Third Circuit. March 27, 1914. On Rehearing, May 18, 1914.)

No. 1814.

PATENTS (§ 328*)—FURNACE GRATE—CLAIM—CONSTRUCTION—INFRINGEMENT.
    Meissner Patent, No. 529,286, for a furnace grate, claim 5, is: "In a furnace, the combination, with a sloping fire-bed, of an upward-swinging grate and a downward-swinging grate, the upward-swinging grate being pivoted at the foot of the fire-bed and normally projecting toward the downward-swinging grate; the latter grate being pivoted at its rear end, and means for operating both grates, substantially as set forth." *Held* that, since such claim necessarily embodies means which operate "both grates" to make it a workable combination, it could not be construed as though the swinging grates were the only elements therein, and hence was not infringed by a structure having swinging grates operating separately and independently.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by William F. Meissner, as administrator, against the Westinghouse Machine Company. From a decree in favor of defendant (213 Fed. 485), complainant appeals. Affirmed.

F. W. Winter, of Pittsburgh, Pa., for appellant.
Synnestvedt & Bradley, of Philadelphia, Pa., for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the plaintiff, William F. Meissner, administrator of Julius H. Meissner, to whom was granted patent No. 529,286 of November 13, 1894, for a furnace grate, by bill in equity charged the Westinghouse Machine Company with infringing the fifth claim thereof. That court held infringement was not shown. From a decree dismissing the bill, plaintiff took this appeal. After a very full and helpful argument by counsel, and after due consideration by this court, we have reached the same conclusion as did the court below. Its opinion so well reflects our views that any present opinion by us must be but a restatement in changed form of what that court has already said in substance. We therefore restrict ourselves to briefly summarizing our conclusions.

First. The art of providing inwardly and downwardly stepped fire-beds for boilers was a well-developed one, and the field of inventive effort to which this patent pertains was limited in sphere.

Second. The use of a downward-swinging pivoted section of such

─────────────────────────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

grates at inward and lower end of fire-beds to allow clinker removal was common.

Third. The use of an upward-swinging pivoted section of such grates at the inward and lower end of the fire-bed to hold back the fuel mass was common.

Fourth. The device of Meissner consisted in coupling both these swinging grates together so that they could be simultaneously operated, one upwardly and one downwardly, by the same mechanism.

Three of these features, viz., the upward-swinging section, the downward-swinging section, and the single means for simultaneously operating them both, are disclosed in Meissner's specification, viz.:

"The clinker grates, O and R, are simultaneously actuated from the front, by means of the links and levers previously described, the grate, R, swinging downward to permit the ashes and clinkers to fall into the ash-pit, while the grate, O, swings upward, thereby retaining the incandescent fuel on the fire-bed, I."

These three elements were embodied in claim 5, here in controversy, as follows:

"(5) In a furnace, the combination with a sloping fire-bed, of an upward-swinging grate and a downward-swinging grate, the upward-swinging grate being pivoted at the foot of the fire-bed and normally projecting toward the downward-swinging grate; the latter grate being pivoted at its rear end, and means for operating *both grates*, substantially as set forth."

In effect we are now asked to construe this claim as though the only elements therein were the swinging grates. This we cannot do, first, because the claim embodies, and to make it a workable combination must embody, means which operate "both grates"; and, secondly, because to give the claim such construction would be to make it substantially the same as claim 15, which was rejected:

"(15) In a furnace, the combination with a sloping fire-bed, of an upward-swinging grate, and a downward-swinging grate at the foot of the sloping grate, substantially as set forth."

Construing the claim as we do, it follows that the defendant's structure, which has swinging grates operating separately and independently, does not infringe.

The decree below is therefore affirmed.

## On Rehearing.

PER CURIAM. This case has been reargued and has been re-examined by the court. This re-examination has served to strengthen our conviction that the case was rightly decided by the court below.